DICKSON, Justice,
dissenting.
The Court today construes Indiana’s RICO Act to impose liability beyond those who substantially participate in the enterprise, to persons below the managerial or supervisory level, based upon linguistic variation between the Federal RICO statute and the Indiana Act. I disagree, finding the modest language differences to be insignificant and inconclusive.
Furthermore, in 2000, the Court of Appeals reached a different conclusion. Noting that Indiana’s RICO Act was patterned after the federal law, the court analyzed and discussed federal and state claims jointly in Yoder Grain v. Antalis, 722 N.E.2d 840, 845 (Ind.Ct.App.2000), trans. not sought. Yoder Grain held that, to be subject to RICO liability, a person must actually be involved in directing the affairs of the alleged enterprise. Id. at 846. In the ensuing eight years, the Indiana General Assembly has acquiesced in this interpretation of the Indiana RICO Act, implying its agreement with Yoder Grain. Absent clear direction from the legislature, I would not extend exposure to the onerous liability under Indiana’s RICO Act to mere “foot soldiers” in an enterprise.
RUCKER, J., concurs.